RITA SANTOS SEÑERIZ, Plaintiff and Appellant, *v.* DOMINGA GONZÁLEZ or DOMINGA DE JESÚS ET AL., Defendants and Appellees.

No. 7704. Argued November 16, 1938.—Decided April 28, 1939.

*Antonio L. López* for appellant. *González Fagundo & González Jr.* for appellee Dominga González.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit in unlawful detainer before the District Court of Humacao. The complainant alleged that she was

the owner of a certain described piece of property and that the defendants were retaining the possession thereof without payment of any kind and against the will of the complainant and that they had been requested to leave the property. The answer denied the essential facts of the complaint and set up as a special defense that the defendant in union with her husband was entitled to a house on the piece of land located within the bounds of the lands sought to be recovered by the plaintiff. Also the answer set up that the defendant Dominga González was married to Elías Benítez and that therefore she was entitled to a right of homestead in the said house wherein she was living.

It transpires that in 1932 Ramón Santos León sold to Elías Benítez, married to Dominga González, a piece of land in Caguas; that the purchaser owed part of the price of sale to the vendor; that the latter obtained judgment for said balance against said purchaser, and by such judgment the title not only to the land in question but also to the house which had been constructed thereon. It would appear that the house was constructed thereon after the sale to Benítez, and before the beginning of the suit for the deferred purchase money. It is against the wife of Elías Benítez, namely Dominga González, that the present suit of unlawful detainer was brought.

The court below did not agree with the averment of the answer that the defendant owned a house outright, but did agree with Dominga González, the defendant, that she was entitled to a right of homestead in accordance with *García v. Trilla,* 47 P.R.R.____. That was a case where the plaintiffs recognized ownership or a kind of ownership in a house which had been placed on the land and that the said house was subject to a claim of homestead. The suit against Trilla was for the recovery for overdue rents and a money judgment followed and it was upon the attempt to execute judgment on the house that defendant raised the question of homestead.

In the present case the appellant maintains that her predecessor in title, as stated above, obtained a judgment against the defendant in the former suit, Elías Benítez; that the suit was appealed but dismissed by the district court; that, in execution of the said judgment, the lot that was the property of Benítez was sold and that in such sale the house in question was also included. No question of homestead was raised at the time by the husband or anyone·else, and appellant maintains that the right of homestead had prescribed. Section 6 of the Act of 1936 (Act 87 of 1936, pp. 460, 464) provides:

"In case no claim whatsoever is established before the officer in charge of the auction sale, the person entitled to the claim of homestead may institute the corresponding ordinary action within sixty (60) days after the date on which the auction was held."

No action was brought within sixty days.

The deed for the judicial sale was recorded in the registry of property on October 9, 1935. The property was subsequently sold by Ramón Santos León to Rita Santos Señeriz, the plaintiff in the present suit of unlawful detainer. The appellant maintains that upon the sale of said land and house no property right remained in the defendant and consequently not in his wife.

In the case of *Shuck* v. *Verdejo,* 43 P.R.R. 915, we held by divided court that a claim of title to a whole piece of property was inconsistent with a claim of homestead.

The appellant also maintains that the ordinary rule or presumption is that anything erected on the land goes with the land. In other words, that the accessory follows the principal. The judgment roll, including the evidence, does not show that the house was recorded. The appellant lays no stress on the failure to record the ownership of the house. She does insist, however, that the right of homestead was never raised until this unlawful detainer suit was presented and that by that time she had acquired a full right to the

land and house. The court so held, but decided in favor of the homestead right.

We can see no such right of homestead in this case and the judgment should be reversed.

The Chief Justice Mr. Del Toro took no part in the decision of this case.

Mr. Justice Hutchison dissented.